IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUNIOR EDWARD FULLER                                 PLAINTIFF

v.                  Civil No. 05-5036

JASON FRENCH, in his official capacity, as
Detective of the Fayetteville Police Department              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Junior Edward Fuller brings this pro se civil rights action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated by the defendant, Jason French, a detective with the Fayetteville Police Department.

On February 16, 2006, the defendant filed a motion for summary judgment. (Docs. 26-28.) The undersigned directed the plaintiff to file a response to the summary judgment motion, utilizing a court-prepared questionnaire to assist in responding. On June 22, 2006, the plaintiff filed his response. (Doc. 30.) The motion for summary judgment is presently before the undersigned for issuance of this report and recommendation.

### I. Background

On either January 15 or 16, 2005, Fuller was released from the Fayetteville County (presumably Washington County) Jail with directions to contact his parole officer the following Tuesday. Fuller did call his parole officer and made arrangements to visit him the following Monday. Fuller informed his parole officer that he would contact relevant police departments to determine if there were any outstanding warrants on him and would call the parole officer back before the end of the day. (Doc. 1.)

On or around January 18, 2005, Fuller went to the Fayetteville Police Department in an attempt to retrieve a confiscated, stolen air compressor which had been seized upon the arrest of another individual and to learn if there were any outstanding warrants. (Doc. 1; Doc. 30 at ¶ 3.) Fuller sought out Detective Jason French, who Fuller knew because of previous contact due to the criminal activities of others. (Doc. 30 at ¶¶ 2, 4.) On January 18, Fuller was not a suspect in any ongoing investigations at the Fayetteville Police Department, however it was discovered that there were two outstanding warrants for misdemeanor violations. (Doc. 30 at ¶ 7.) Although Fuller contends that he was never arrested on these outstanding warrants (Doc. 30 at ¶ 8), the defendant has supplied the arrest processing record for January 18, 2005, reflecting that Fuller was arrested by Detective French on two violations of Arkansas Code Annotated § 5-54-120 (failure to appear) (Doc. 26 at Ex. 5.)

At some time on January 18, 2005, Fuller told Detective French of a conversation that Fuller had had with a former cellmate, Stevie Hunter. (Doc. 30 at ¶ 11.) Prior to this time, Detective French did not know that Fuller and Hunter knew each other or had been cellmates. (Doc. 30 at ¶ 13.) Fuller told Detective French that Hunter had approached him about giving a potential witness in Hunter's pending murder trial a "hot shot," meaning a lethal dose of methamphetamine. (Doc. 30 at ¶ 14.) Fuller also told Detective French that Mellissa Hunter, Stevie Hunter's wife, helped to bail him out of jail in exchange for a car and that Mellissa Hunter signed for part of Fuller's bail but that another friend provided the money to the bonds lady. (Doc. 30 at ¶¶ 15-16.)

Fuller contends that upon learning this information, Detective French forced Fuller to agree to wear a wire under threats and under duress. Fuller also claims that Detective French

would not allow Fuller to contact his parole officers or to post the misdemeanor bail. (Doc. 30 at ¶¶ 17, 28-29.) Fuller states that Detective French threatened Fuller with prosecution if he did not cooperate with the undercover operation, and Fuller only cooperated because of the threats of prosecution. (Doc. 30 at ¶ 19, 21.)

On January 18, 2005, Fuller wore a wire while having a phone conversation with Mellissa Hunter. (Doc. 30 at ¶ 18.) Sometime during the evening of January 18, 2005, Fuller again wore a wire in a face-to-face meeting with Mellissa Hunter. (Doc. 30 at ¶ 20.) After he wore the wire, he was permitted to leave the Fayetteville Police Department. (Doc. 30 at ¶ 22.) Fuller later told Mellissa Hunter that he had been wearing a wire during their conversation, and he was then charged with Hindering Apprehension or Prosecution because he so informed Mellissa Hunter. Fuller was also charged with Theft by Receiving. (Doc. 30 at ¶¶ 25, 27.)

While the defendant contends that Fuller was never forced to participate in the undercover operation, Fuller states that he was chained to a bench at the police department "for hours" and that he asked to contact his parole officer but was denied. He further claims that a Detective Gentry offered to stop the undercover operation, but that Detective Gentry also said that he would take Fuller back to the jail and insinuated that Fuller would be charged as Detective French had threatened. (Doc. 30 at ¶¶ 23-24.)

In a June 21, 2005 letter to the court, which was filed as a motion to amend complaint, Fuller states that he be allowed to amend his complaint to be "Detective Jason French in his official capacity as Detective of the Fayetteville Police Department as the Defendant in *Fuller v. French* case no. 05-5036." (Doc. 15.) The court granted this motion (Doc. 14), noting that French remains the sole defendant in this action. The defendant contends in his motion for

summary judgment that he is being sued only in his official capacity. (Doc. 26.) In response to this contention, plaintiff refers to his previous motion to amend the complaint naming French in his official capacity only. (Doc. 30 at ¶ 31.) Moreover, plaintiff does not contend that this incident arose from an unconstitutional custom or policy of depriving any person of any civil rights, including the use of individuals in undercover or sting operations. (Doc. 30 at ¶ 30.)

## II. Summary Judgment Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Commerce v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir.1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d 607 *(citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

AO72A
(Rev. 8/82)

### III. Discussion

The claims against the defendant in his official capacity is equivalent to claims against the City of Fayetteville. *See Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). The City of Fayetteville may only be held liable for a constitutional deprivation if the deprivation is the result of a policy or custom of the county. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (municipality may be held liable only for constitutional violations resulting from policy or custom). An official policy involves a deliberate choice by an official who has the authority to establish governmental policy to follow a specific course of action made from various alternatives. *See Ware v. Jackson County, MO*, 150 F.3d 873, 880 (8th Cir. 1998); *McGautha v. Jackson County, MO., Collections Dep't*, 36 F.3d 53, 55-56 (8th Cir. 1994) (municipal liability arises from action pursuant to official municipal policy), *cert. denied*, 515 U.S. 1133 (1995).

Here, the plaintiff does not allege that the alleged constitutional violations occurred as a result of an official city policy or custom of working with individuals during sting operations, and a single incident does not, in itself, constitute a municipal custom. *See Mettler v. Whitledge*, 165 F.3d 1197, 1205 (8th Cir. 1999) (single incident normally does not suffice to prove existence of custom). Therefore, the defendant's motion for summary judgment should be granted on this basis alone.

Even if the complaint is construed to bring individual capacity claims against the defendant, the motion for summary judgment should still be granted. The plaintiff contends that Detective French (1) unlawfully detained him, (2) threatened him with criminal prosecution if

AO72A
(Rev. 8/82)

he did not assist in the sting operation, and (3) denied him the right to call his parole officer.

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

Here, the plaintiff has failed to show that he has been deprived of any right, privilege, or immunity secured by the Constitution, nor does he indicate that he suffered any injury as a result of the defendant's actions. Plaintiff claims that according to his parole agreement, he was prohibited from participating in undercover investigations, but he does not claim that his parole was violated because of his participation. Further, there were valid arrest warrants for plaintiff's failure to appear, and thus the defendant had the right to arrest and detain him when he appeared at the Fayetteville Police Department. Plaintiff does not have a constitutional right to contact his parole officer. Therefore, he has failed to state any individual capacity claim against the defendant.

## IV. Conclusion

I, therefore, recommend that defendant's motion (Doc. 26) for summary judgment be granted.

-6-

AO72A
(Rev. 8/82)

he did not assist in the sting operation, and (3) denied him the right to call his parole officer.

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

Here, the plaintiff has failed to show that he has been deprived of any right, privilege, or immunity secured by the Constitution, nor does he indicate that he suffered any injury as a result of the defendant's actions. Plaintiff claims that according to his parole agreement, he was prohibited from participating in undercover investigations, but he does not claim that his parole was violated because of his participation. Further, there were valid arrest warrants for plaintiff's failure to appear, and thus the defendant had the right to arrest and detain him when he appeared at the Fayetteville Police Department. Plaintiff does not have a constitutional right to contact his parole officer. Therefore, he has failed to state any individual capacity claim against the defendant.

## IV. Conclusion

I, therefore, recommend that defendant's motion (Doc. 26) for summary judgment be granted.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of June 2006.

                                          **/s/ Beverly Stites Jones**
                                          _____
                                          HON. BEVERLY STITES JONES
                                          UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)